## Franklin Trust Company of Philadelphia.

Argued May 13, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Gerald F. Flood,* with him *Bernard J. Kelley,* Special Deputy Attorney General, and *Charles J. Margiotti,* Attorney General, for appellants.

*Ralph B. Evans,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 29, 1935:

On October 6, 1931, at 10 a. m., the secretary of banking of Pennsylvania took possession of the Franklin

Trust Company of Philadelphia (hereinafter referred to as the trust company). C. D. Tuska, the appellee here, was a depositor in that company. On October 1, 1931, after 3 p. m., he deposited in one of the branch banks of the trust company, a check on Parrish & Company, private bankers having a banking house in New York City. The check was drawn to the order of the appellee for $8,-626.15, and was endorsed by him in blank. The trust company at all times herein mentioned, maintained a deposit account with the Pennsylvania Company for Insurances on Lives and Granting Annuities. In the ordinary course of business, items deposited in the trust company for collection were by it deposited in the deposit account with the Pennsylvania Company for credit to the account of the trust company. And the latter company accepted in payment of such items, credit for the amount thereof upon the books of the Pennsylvania Company. On October 2, 1931, the trust company deposited in its deposit account with the Pennsylvania Company the check, and the amount thereof was conditionally credited to the trust company on the books of the Pennsylvania Company subject to receipt of actual payment and on the same day the check was endorsed by the Pennsylvania Company and forwarded to the Chase National Bank of New York City and the amount thereof was conditionally credited to the Pennsylvania Company on the books of the Chase National Bank. On the same date that it gave such credit, to wit, October 3, 1931, the Chase National Bank endorsed the check and delivered it to the Federal Reserve Bank of New York. The latter bank immediately presented the check for payment on the same day and received from Parrish & Company a draft which cleared through the New York Clearing House and was paid on Monday, October 5, 1931, at 10 a. m. and the check which the appellee deposited was stamped "paid" by the Federal Reserve Bank of New York "and the amount thereof thereupon became an unconditional credit to the Pennsylvania Company on the books of the

Chase National Bank and in accordance with the practice existing between said banks constituted payment to the Pennsylvania Company of said item."

These facts and other facts hereinafter mentioned were all agreed to by the respective parties and were submitted to the court on the appellee's exception to the secretary of banking's account, as receiver of the Franklin Trust Company. After all claims of the Pennsylvania Company against the trust company had been paid by the secretary of banking in charge of the trust company, the proceeds of the check of $8,626.15 were turned over in cash by the Pennsylvania Company to the secretary of banking, as receiver of the trust company. This official in his account denied a preference to the claimant in the amount of the check. Appellee excepted to the account and the court below sustained him and allowed his claim. An appeal by the secretary of banking, as receiver of the Franklin Trust Company, and the appeals of Howard H. Loux and Mary N. Henderson, depositors in the trust company, to the final decree in re exceptions of C. D. Tuska to the account of the secretary of banking were taken to this court and they are now before us.

In the agreement between the respective parties it was also set forth that "it is the custom among banks, in the collection of such items, to estimate the time required for collection and to credit the amount thereof to the forwarding bank subject to payment. It is not the custom for a collecting bank, unless especially requested, to notify the forwarding bank when the item is paid, payment being presumed unless notice of nonpayment is received by the forwarding bank prior to the expiration of the estimated time for collection. The estimated time for the collection of the item of $8,626.15 was October 6, 1931, and in the ordinary course the credit given by the Pennsylvania Company to the Franklin Trust Company, on account of such item would have become unconditional on that date. Although it was neither a required nor customary practice, the Franklin Trust Company could

have requested verification of payment of such item and in such case, the item having been actually paid on October 5th, the credit on the books of the Pennsylvania Company would have become unconditional prior to the close of business on that date."

The parties further agreed as follows: "Said item of $8,626.15 was neither paid nor remitted to the claimant in cash or *by unconditional credit,* given on the books of the Franklin Trust Company or on the books of any other bank, prior to the closing of the bank . . . and has not since been paid to the claimant."

One other material fact was agreed upon, namely, that on October 3d, a check drawn by the appellee to the order of Ida R. Tuska, in the amount of $8,700 was presented for payment by the payee to the trust company. Payment was refused with the teller's notation on it "uncollected funds." At the same time, the trust company advised the payee that the collection of the appellee's item would not be completed until after 3 p. m., October 6th, and that the trust company must refuse to pay the check until after the collection had been completed. On the same day the claimant himself went to the main office of the trust company and upon inquiry at the bookkeeping department was informed that the proceeds of the deposited check would not be available to him until after 3 p. m., October 6th. On October 5th at 1 p. m., the claimant again inquired of the person in charge of the branch office of the trust company when the proceeds of the check would be available and he was advised: "not until after 3 p. m., Tuesday, October 6, 1931."

The court below decreed that the appellee had a preferred claim against the assets of the Franklin Trust Company for the amount of the check. This decree is supported by the law and the facts.

The legal question is controlled by the Bank Collection Act of 1931, P. L. 568. The applicable sections of this act are as follows: "Section 2. Bank Is Agent for Collection.—Except as otherwise provided by agreement and

except as to subsequent holders of a negotiable instrument payable to bearer or endorsed specially or in blank, *where an item is deposited* or received *for collection, the bank of deposit shall be agent of the depositor for its collection* and each subsequent collecting bank shall be subagent of the depositor but shall be authorized to follow the instructions of its immediate forwarding bank, and any credit given by any such agent or subagent bank therefor shall be revocable until such time as the proceeds are received in actual money or an unconditional credit given on the books of another bank, which such agent has requested or accepted. Where any such bank allows any revocable credit for an item to be withdrawn, such agency relation shall, nevertheless, continue, except the bank shall have all the rights of an owner thereof against prior and subsequent parties to the extent of the amount withdrawn. . . . Section 4. Legal Effect of Endorsements.—An endorsement of an item by the payee or other depositor 'for deposit' shall be deemed a restrictive endorsement and indicate that the endorsee bank *is an agent for collection* and not owner of the item. . . . Where a deposited item is payable to bearer or *endorsed by the depositor in blank* or by special endorsement, the fact that such item is so payable or endorsed shall not change *the relation of agent of the bank of deposit to the depositor,* but subsequent holders shall have the right to rely on the presumption that the bank of deposit is the owner of the item. . . . Section 13. Insolvency and Preferences. (C) *Where an agent collecting bank,* other than the drawee or payor, shall fail or be closed for business as above, after having received in any form the proceeds of an item or items entrusted to it for collection, *but without such item or items having been paid* or remitted for by it either in money or *by an unconditional credit given on its books* or on the books of any other bank, which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor, *the assets of such agent collecting bank* which has

failed or been closed for business as above *shall be impressed with a trust in favor of the owner* or owners ·of such item or items *for the amount of such proceeds, and such owner* or owners *shall be entitled to a preferred claim upon such assets,* irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank." (Italics supplied.)

Under sections 2 and 4 of that act, the trust company was clearly the agent of the depositor for its collection and this agency was further emphasized by the contract between the appellee and the trust company as evidenced by the provision in the pass book which provided that the depositor is "held responsible as endorser for the nonpayment of all checks, etc., deposited by him [you] as cash in this bank, *until we have received final actual payment;* this bank receiving such checks *only for collection* on his [your] account and at his [your] risk."

No matter what the law of this Commonwealth was prior to the Bank Collection Act of 1931 or what the law may be in other jurisdictions, this act is conclusive of this controversy. The trust company was "an agent collecting bank" within the meaning of section 13 (c) of that act. The stipulation of the parties is, *in the very words of this act,* that the item "was neither paid nor remitted to claimant in cash or by an unconditional credit given on the books of the Franklin Trust Company or on the books of any other bank prior to the closing of the bank." It follows that the assets of the collecting agent bank were impressed with a trust in favor of the appellee for the amount of the proceeds and that therefore the appellee is entitled to a prior claim upon such assets.

The other admitted facts, such as the form of the endorsement on the check, "Pay to the order of any bank or banker" by Franklin Trust Company and the other subsequent banks, only reveal the restrictive nature of the endorsement provided in section 4 of the Bank Collection

Act. We agree with the learned court below that the other "numerous facts in regard to the mutual debits, credits and banking relations existing between the Franklin Trust Company and Pennsylvania Company . . . are entirely immaterial in so far as the present question is concerned."

The decree is affirmed and the costs are to be paid out of the fund in the hands of the receiver.